Good morning, and may it please the Court. I'm Mark Barraza. I represent Alwin Carpenter in this matter. Your Honor, the two issues that we're addressing in this particular case are, first and foremost, that the order that granted an award of attorney's fees by the for why those fees were awarded. Specifically, under the Nevada statute 18.0102B, in order for the defendant to have been awarded its costs or, in fact, its attorney's fees in this instance, it would have had to show that there was no reasonable ground for the case to be brought or that the case was filed to harass the opposing party. You're appealing only the fees. You're not disputing the dismissal of the case. Your Honor, this was a close call, which is what the summary judgment determined, and the Court made a determination we're not contesting that specific ruling with respect to the summary judgment, simply that the fees in this instance are inappropriately awarded and unsupported by both the order as well as It seems to me many of the arguments that you raise against the fee order could just as easily have been raised against the substantive order. Certainly, Your Honor. But you chose not. You acquiesced in the correctness of the district court's ruling. With respect to the district court's granting of summary judgment, the district court, in fact, acknowledged that this was an issue of first impression, that the Supreme Court of Nevada had not raised or heard the issue, and that in this particular respect, with two competing opinions, one from the Nevada Attorney General in 1999 and one from the Nevada Department of Financial Institutions in 2012, that the Court elected to proceed with the 2012, which falls in favor of the defense. And so over a consumer law case against this particular defendant, of which we have filed litigated and won several, on this particular issue of law, we elected not to appeal that claim. But the reason we're appealing the fee – excuse me, the award of attorney's fees is because this is a private attorney general statute. This is our client doing what he thought was right with respect to a law firm that if you actually read their brief, page 2, line 19 and 20, that a lessee's primary business is representing homeowner associations in the collection of delinquent assessments, that is the basis for bringing the claim that they have stated straightforward in their brief that they weren't operating in dependency of this case or prior to as a law firm per se. They were operating as a collection agency that is owned and staffed by lawyers on a couple of levels. In fact, the current law firm is a successor entity to an unlicensed collection agency in the state of Nevada. So that was the basis for bringing the claim. The other claim, of course, was – So what was reasonable about pursuing attorney's fees when the statute says that attorneys are not included? I'm sorry. On the defense side, being awarded attorney's fees? Yeah. The award that Judge Pro has given to the other side. Sure. When the statute says that law firms are exempt and you brought a suit anyway against lawyers, what makes that reasonable? And Judge Pro specifically addressed that when he said on page 7 of his opinion-granting summary judgment that, quote, however, this exception does not apply if the attorneys, quote, are conducting collection agencies, unquote. That's 649.020 subsection 2 of the Nevada statute. That particular quote right there, that is the line of demarcation, is at the time this suit was filed with the attorney general opinion from the state of Nevada, is Alessi and Koenig operating as a law firm, taking cases that you would expect a law firm to take? Or are they operating as a collection agency, and by their own admission, they do nothing but homeowner association assessment collection? Certainly, they litigate plenty of cases like this one where they were sued, but they're not out there accepting, soliciting, doing business in other areas of law beyond the homeowner association assessment collection. Right. That just means they have a limited practice. They've limited their practice to a homeowner association business. That includes more than just collecting fees. But even more narrow than that, no, we're talking only about collecting fees. And counsel certainly can contradict me on that, but the vast, vast, vast majority of this entity's business is solely limited to HOA dues collection, which, of course, with the downfall of the state of Nevada, less so, I think, in the northern California area, but in Nevada, that has become an enormous market in the last five or six years. Counsel, could I ask a clarifying question about this statute 18.010? It applies in two circumstances, right, when there's an intent to harass or without reasonable basis, and I think we're only talking about the without reasonable basis part of the statute. That's my first question. Is that right? That is, Your Honor, under the rules of the statute. Okay. So I'm going to take that as a yes, because your time is ticking away. Forgive me. But is that determination made, isn't it made, at the time the suit's filed? As to whether there was a reasonable basis or not? I would expect so. That is something that's made. Isn't there Nevada law on point? I don't believe that there is. Nevada has only one court of appeal being the Supreme Court of Nevada, which I'm sure that the Justices would love to tell you how busy they are and how many cases there are. Well, I'm sure they are very busy, and your time is ticking away. Yes. So I'm going to take that as a you don't know, okay? And then I'm going to go to forgive me, but I want to make sure you have a chance to answer my questions. So at the time the suit was filed, it seems to me that there were the — there was this earlier opinion that had been issued, right? And you've referred to it, the 1999 Attorney General opinion. But that was pertaining to a statute that then was later amended, right? Yes. Okay. And when you say there was a case of — this was a case of first impression, nobody had assessed or, forgive me, considered — no court had considered the amended statute. That's what you're talking about, yes? I don't believe that the statute was addressed ever by the Supreme Court of Nevada, and I don't believe it has been since. Okay. And the time — I'm trying to get you to — at the time your client filed, what did he have? Is it just the 1999 opinion? He had the 1999 — The 2012 opinion came out. That's after your guy filed suit, right? The 2012 opinion was a year later, or more than a year later. You've answered my question. Thank you. So with respect to — you know, and, Your Honor, it does occur to me that I forgot to reserve two minutes of my time. Perhaps if I could do that now, and I'll use the remainder of my time for it. I was not talking to you, Your Honor. I thought that was left on the clock. Thank you. May it please the Court. Chantelle Schimming of Alessi and Koenig on behalf of Alessi and Koenig. In this particular situation, it's very clear that an award of attorney fees was warranted in the incident matter. There was no abuse of discretion. Counsel indicates that there was no specific finding in the order with regard to the reasonableness of filing. However, the order specifically states, the legal argument set forth in defendant's motion reply supports defendant's request for attorney fees. The entire motion reply was specifically addressing that issue of reasonableness and going one by one through the reasons why the filing of the — of the complaint in this case and the continual pursual of that case was unreasonable. Won't you run through them here now with us? I'm sorry? Run through those reasons. Okay. First and foremost, the statute is very clear. The plain language of the statute in this case is completely and totally unambiguous. It specifically states — That would be the first statute that's unambiguous that I've seen all year. Sorry? It would be the first — That would have been the first truly unambiguous statute I've seen all year. And it's already December, whatever, 8th or so. True, but it's probably as clear as it can get. It specifically states that collection agencies do not include any of the following unless they're conducting collection agencies. And, gee, of that — You sort of ate the last few words there. Why don't you say it slowly, and let's not swallow any words here. Okay. Because there's an unless clause there. So if it stopped before the unless clause, then it would be really clear. But there is an unless clause, okay? So that's — There is. Let's run through the statute and just announce every word. Okay. Okay. Okay? Pretend it's Shakespeare. And avoid the temptation of telling Judge Kaczynski that it's December 9th. No, I was hoping it's still December 8th. I was hoping, you know, trying to pull back the time. When you get my age, you know, every day counts. I understand. Okay. So tell us. It specifically states that a collection agency does not include any of the following unless they are conducting collection agencies. Unless they are conducting collection agencies. Now, that is so clear. And, gee, of that, specifically states, attorneys and counselors at law licensed to practice in this State so long as they are retained by their clients to collect or to solicit or obtain payment of such clients' claims in the usual course of practice of their profession. That absolutely unambiguously applies to Alessi and Koenig. They are a law firm retained by homeowners. That doesn't seem to me like that at all. What sounds to me like is if they have, what those words tell me is if a law firm has a relationship with a client and does a lawsuit, they can also then be hired to collect the money. You know, they get a judgment for tort or contact or whatever. And if they then get hired to collect that judgment, then they're not deemed collection agencies. That's what those words unambiguously tell me. Now, you tell me what they unambiguously tell you. They unambiguously tell me that even if a collection agent, even if a law firm handles a bulk of their practice as collections for HOA assessments, as long as they are not operating as a collection agency that has attorneys working for them, they are not a collection agency. They are exempt from that provision. I think you're making it up. Excuse me? I think you're making it up. I don't think that's what that language means at all. Why don't you show me where that language means anything like that? Which words are you actually relying on? The section G that specifically says that it does not include attorneys and counselors at law licensed to practice in the State so long as they are retained by their clients to collect or solicit or obtain payments for such clients, which is exactly what Alessi and Koenig is solicit — is retained to do. They're retained to collect or solicit money. Give me just a little bit of background. I don't think it is fully explained in the record. So how large is Alessi and Koenig? How many lawyers? Alessi and Koenig currently has four attorneys. Okay. Do you do work other than collect fees? We do, yes. And what do you do? We do all homeowners association litigation. If there is a flood issue pursuant to the CC&Rs of a specific homeowners association to determine whether or not that was a common area issue or a direct individual homeowner issue, we help revise and define CC&Rs. We — In this case, the fees that were sought to be collected, were they — They were regular assessments. Delinquent homeowners? Regular delinquent homeowners assessments in this particular case, yes. Do you want to hear my question or do you want to answer something else? I apologize. I thought I was answering the question. Well, if you let me finish it, you would actually know what the question is. Did the collection come out of work that the firm did? Was this something that grew out of the work that the firm did for the client? Non-collection work? In this particular case, did the money that was being collected come from work the firm did? Is that what you're asking? That's what I'm asking. Okay. You see, that is different from what you thought I was going to ask. In part it did and in part it did not. Explain. Part of it was the actual assessment. Part of it was the fees and costs that are part of preparing the notice of default and election to sell, preparing the other documents, filing them, recording them, and such. Okay. So part of — Were there actions that the Lessig and Koenig took in this case with respect to Mr. Carpenter that could only have been performed by attorneys of law? I don't believe in this particular case there were. The filing of liens and things like that could have been performed by a collection agency? They could be performed by a collection agency. However, arguably the reason that these particular homeowners associations retain a firm such as Lessig and Koenig is so that they can guarantee that those things are done in compliance with the law rather than by a collection agency that may not understand that law and be able to interpret it. If this case had gone to litigation, does the Lessig and Koenig ordinarily handle that litigation themselves? Yes, generally unless it's submitted for some reason to an insurance carrier and that insurance carrier accepts the case and — Wants to choose its own counsel. Correct. Counsel, how many paralegals do you have? You said four attorneys. How many paralegals? Currently we only have two. We are in the process of hiring two. We just lost two. We have a one-to-one ratio attorney to paralegal. That's what we try to have. Thank you. So with regard to the other reasoning — What about the 99 letter, the 99 opinion? Excuse me? The 99 opinion. The 99 opinion is really essentially irrelevant to whether or not there were grounds for filing this suit because in 2007, there were amendments made to the statute that specifically made that 99 opinion irrelevant for the purposes of determining whether or not this was reasonable. That 99 statute — What were the amendments that made the 99 opinion irrelevant? The 2007 amendments — The purpose of those amendments was to remove the additional requirements, which were previously part of 649.0202G, which specifically were taking away the language that said incidental to the usual course of practice of their profession when talking about whether attorneys were considered collection agency. The deletion of that provision was — It indicated that the attorneys whose primary practice is the collection of claims are exempt from the requirements. That's specifically what that change in statute did, is it established that situations where attorneys whose primary practice is the collection of claims are exempt from the requirements. So specifically changed what you were asking about earlier, which made that 1999 opinion completely irrelevant for the purposes of moving forward. Counsel, was he pro se at the — was Mr. Carpenter pro se at the time he filed? I honestly am uncertain as to whether or not Mr. Carpenter was pro se at the time that he filed. Okay. I do not believe he was. No. He was represented at the time he was — at the time he filed. It was filed by Mr. Barraza's office. I have a question about Nevada law that I was unfamiliar with until this case, and maybe you can correct me. But it seems to me that the Nevada law has a lot of teeth in it when it comes to requiring findings when awarding attorneys' fees under this Rivera case. So no matter how meritless the case, it's — I mean, and Rivera looks really meritless. It's a case involving a woman who was a judge and a female litigant in a family law case, and she thought that the judge should be recused out of — for bias because her husband was very attractive, so the judge couldn't be impartial. And because she was very attractive, so she thought the judge couldn't be very impartial. And I can't really imagine a more frivolous claim. But even under that fact pattern, the Nevada Supreme Court said you have to have findings. I believe that that's completely distinguishable because that was actually a motion case, and there was absolutely no hearing or no findings on the underlying meritlessness or lack of meritlessness of the case. So just take it as a given. I'm willing to say that that is one meritless allegation about bias. And even there, they wanted findings. Is your — if I think that the law requires findings here, is it your position that the — and I'm not trying to put words in your mouth, but is it your position that the order was sufficient because it incorporated the motion by reference? That is correct, in addition to the fact that there was a specific hearing on the underlying issues, an entire hearing and an entire 13-page findings on the underlying issues in that case and on why — So, counsel, what is it — where are the findings? I'm just trying to figure out how you think the requirement is satisfied. Is it the incorporation of the itemized list in the motions you referred to a minute ago in answer to Judge Kaczynski? No, that in addition to the fact that the order on summary judgment, the previous order on summary judgment specifically delineated the reasoning for why a claim under the Fair Trade — Fair Deceptive — or Nevada Deceptive Trade Practices Act was not a valid claim. It was not reasonable. So that's where you think I should look? I do. I think that you could refer to that, and then you can also refer to the part of the statute that says that an actual hearing on or motion for attorney fees and costs is not necessary if the court deems appropriate. Yes. Thank you. Thank you. You're reserved two minutes for rebuttal. Just as an aside, I hope it's not lost on the Court that Alessian Koenig is represented by Alessian Koenig and has been throughout the case. This isn't an independent firm being awarded fees. Was your client pro se when he filed? I don't believe he was. I think he came to our office. We had filed a number of these actions, so we reviewed it. Okay. I would note, just with respect to some of the questions you were asking, April 29, 2011, Mr. Carpenter owed $435 in unpaid assessments with an additional $1,600 in charges for attorney's fees and costs. And that number increased to $3,785 by the time Mr. Carpenter finally just didn't want to lose his home because there was a trustee sale and went and paid. But specifically with respect to what the Court raised on the order granting the fees versus the order granting summary judgment, in our opinion, the order granting summary judgment was very well thought out, very well supported, and is what we would typically expect from this judge. And the order with respect to fees, as I said at my opening, was devoid of any findings of fact, conclusions of law, even reference to a statute under which those fees would be awarded. So opposing counsel's response, not to interrupt, but opposing counsel's response is that the case you've cited, which I've summarized, which I found extraordinary, Rivero, is indeplicable here because this isn't a motion. This is something that's provided by statute. That's her response. And I disagree with that entirely. The statute is quite clear. There has to be some showing of unreasonableness in bringing the claim. And if you turn and you look at the, as I said, very well written opinion on the summary judgment order, that has no scathing commentary about how this claim should or shouldn't have been brought. In fact, it talks specifically about how close of a call this was and how it was a first impression issue. And so the reasonableness factor certainly hasn't been met. Mr. Barossi, you mentioned that Olesik and Koenig is represented by Olesik and Koenig. Are you contesting that Olesik and Koenig is a collection agency? I'm not contesting that they're a collection agency, but with respect to a fee award, a pro se defendant typically isn't awarded attorney's fees. Well, that might go to whether they would be awarded attorney's fees on appeal. But it really doesn't have anything to do with whether they should have been awarded attorney's fees below. They represented themselves in both actions. So you're contesting that because they represented themselves that they cannot collect attorney's fees? They're barred by some other rule outside the statute? I think we raised that in the underlying motions. I think they're included. But you don't contest that Olesik and Koenig is a law firm? Olesik and Koenig is a licensed law firm in the State of Nevada. Our contention is that at the time in question, they were exclusively performing collection activities, not operating as what we would deem. They sort of float in and out of law practice and into collection agency practice? My understanding at this juncture is that the vast majority of civil cases that Olesik and Koenig has involves them as a defendant for participating in their course of business. So they do represent themselves in all of those cases. And so in that regard, they would be a law firm. Thank you very much for your time. Okay. Thank you. Case is hired. You'll stand for a minute.
judges: Kozinski, Bybee, Christen